IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE EAST,<br>    Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§<br>§ | CIVIL ACTION NO. 4:17-cv-01047 |
| CHEVRON U.S.A., INC.<br>    Defendant | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Marie East ("East" or "Plaintiff"), Plaintiff in the above-styled and numbered cause, and files this, Plaintiff's Original Complaint, complaining of Chevron U.S.A., Inc. ("Chevron" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for disability discrimination suffered by East in the course of her employment with Defendant. East complains that she was discriminated against regarding the terms and conditions of her employment because of disability. East demands a jury on all issues triable to a jury.

### II. PARTIES

2. East is a citizen of the United States and is currently a resident of Houston, Texas.

3. Chevron U.S.A, Inc. is a Foreign For-Profit Corporation with a principal place of business at PO Box 6028, San Ramon, California 94583-0728. Defendant's registered agent for service of process in Texas is Prentice-Hall Corp System, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States and, specifically, under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant's acts and omissions that give rise to Plaintiffs' claims were committed in the Southern District of Texas.

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

### III. PROCEDURAL REQUISITES

7. East filed a Charge of Discrimination ("Charge") against Defendant under Charge Number 31C-2016-01237 with the Equal Employment Opportunity Commission ("EEOC") on or about July 30, 2016. In her Charge, East asserted that Defendant discriminated against her because of her disability.

8. On December 6, 2016, the EEOC issued a Notice of Right to Sue letter, entitling East to file an action in this Court.

9. The filing of this lawsuit has been accomplished within ninety (90) days of East's receipt of the Notice of Right to Sue letter.

10. All conditions precedent to filing this cause of action have been met.

## IV.    FACTS

11. East injured her back in 2013 while working abroad for Defendant. She was repatriated in 2014 and went through months of rehab to avoid spinal surgery. In March 2015, She reinjured her back.

12. East's back injury caused her severe pain and impaired her ability to sit, stand, push, pull, lift, sleep, walk, and concentrate.

13. After months of rehabilitation and injections failed, East's doctor recommended that she undergo surgery to alleviate some of the symptoms of her back injury. Accordingly, East went on medical leave of absence on or about March 17, 2015, in order to obtain and recover from the surgery.

14. While East was on leave she was unable to access her work email. Accordingly, she corresponded with her supervisor via her personal email account. In or about August 2015, while East was on her medical leave of absence, Defendant selected her for a reduction in force, which was scheduled to occur in December 2015.

15. Defendant notified each employee scheduled for layoff and permitted them to bid for alternate positions between August 2015 and October 2015. However, Defendant failed to communicate to East that she was scheduled for layoff and, thereby, prohibited her from bidding on any of the alternate positions. Specifically, Defendant intentionally sent its communications to East's work email even though it knew she was unable to access her work account and continued to correspond with her via her personal email account.

16. East did not receive any contact from her supervisor after September 2015. When East received a text from a former supervisor, she found an email from human resources representative Jackie Campbell stating that she had not been selected for an open position and

they wished to have a conference call. At which point East learned her employment was terminated.

## V. DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE UNDER THE ADAAA

17. East incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

18. Defendant discriminated against East in violation of the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA").

19. East was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her disability, as that term is defined under the ADAAA. Additionally, Defendant failed to provide reasonable accommodations to East.

20. Defendant perceived or regarded East as being disabled, even though she could perform the essential functions of her job, with or without reasonable accommodation.

21. Defendant's termination of East's employment, subjecting East to different terms and conditions of employment, and failure to accommodate East constitute disability discrimination under the ADAAA, 42 U.S.C. § 12101, *et seq*.

22. As a result of Defendant's discriminatory actions, East has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of East. In all probability, East will continue to suffer such damages in the future.

23. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the federally protected rights of East.

## VI. DAMAGES

24.     As a result of Defendant's conduct, East seeks the following relief: (1) back pay, including, but not limited to, his salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary, bonuses, and benefits; (3) costs of court and attorneys' fees; (4) mental anguish and emotional distress in the past and future; and (5) compensatory damages.

25.     Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to East's federally protected rights, East is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VII. JURY DEMAND

26.     East requests a trial by jury on issues triable by a jury in this case.

## VIII. PRAYER

WHEREFORE, Plaintiff Marie East respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including her salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: _/s/ Todd Slobin_
    TODD SLOBIN
    State Bar No. 24002953
    tslobin@eeoc.net
    BRIAN J. LEVY
    State Bar No.: 24067728
    S.D. Tex. No.: 1109283
    blevy@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF
MARIE EAST**